## Rule 404.    Permanent Resignation and Readmission.

(a)    *Resignation while in good standing.*   An attorney who is not the subject of any investigation into allegations of misconduct may permanently resign from the bar of this Commonwealth by submitting a written resignation to the Attorney Registration Office.


(b)    *Resignation while under Administrative Suspension.*  An attorney who is administratively suspended for failure to comply with Pennsylvania Rules for Continuing Legal Education or Pennsylvania Rules of Disciplinary Enforcement and not the subject of any investigation into allegations of misconduct may permanently resign from the bar of this Commonwealth by submitting a written resignation to the Attorney Registration Office.


(c)    *Readmission.* An attorney who has permanently resigned from the practice of law in this Commonwealth pursuant to subdivision (a) or (b) of this rule may not be reinstated under the Enforcement Rules and must seek readmission to the bar pursuant to the Pennsylvania Bar Admission Rules.

Rule 102.     **Definitions.**

\*\*\*

"Formerly admitted attorney." A disbarred, suspended, administratively suspended, **permanently resigned**, retired or inactive attorney.

\*\*\*

Rule 201.     **Jurisdiction.**

(a)     The exclusive disciplinary jurisdiction of the Supreme Court and the Board under these rules extends to:

\*\*\*

(3)     Any formerly admitted attorney, with respect to acts prior to suspension, disbarment, administrative suspension, **permanent resignation,** or transfer to **or assumption of** retired or inactive status, or with respect to acts subsequent thereto which amount to the practice of law or constitute the violation of the Disciplinary Rules, these rules or rules of the Board adopted pursuant hereto.

\*\*\*

Rule 204.     **Types of discipline.**

\*\*\*

(c)     A reference in these rules to disbarment, suspension, temporary suspension, administrative suspension, **permanent resignation,** or transfer to or assumption of retired or inactive status shall be deemed to mean, in the case of a respondent-attorney who holds a Limited In-House Corporate Counsel License, expiration of that license. A respondent-attorney whose Limited In-House Corporate Counsel License expires for any reason:

(1)     shall be deemed to be a formerly admitted attorney for purposes of Rule 217 (relating to formerly admitted attorneys); and

(2)    shall not be entitled to seek reinstatement under Rule 218 (relating to reinstatement) or Rule 219 (relating to annual registration of attorneys) and instead must reapply for a Limited In-House Corporate Counsel License under Pennsylvania Bar Admission Rule 302.

\*\*\*

Rule 217.    **Formerly admitted attorneys.**

\*\*\*

(d) (3)    In cases of disbarment, suspension for a period exceeding one year, temporary suspension under Enforcement Rule 208(f) or 213(g), or disability inactive status under Enforcement Rule 216 or 301, a formerly admitted attorney shall also promptly:

(i)    resign all appointments as personal representative, executor, administrator, guardian, conservator, receiver, trustee, agent under a power of attorney, or other fiduciary position;

(ii)    close every IOLTA, Trust, client and fiduciary account;

(iii)    properly disburse or otherwise transfer all client and fiduciary funds in his or her possession, custody or control; and

(iv)    take all necessary steps to cancel or discontinue the next regular publication of all advertisements and telecommunication listings that expressly or implicitly convey eligibility to practice law in the state courts of Pennsylvania.

The formerly admitted attorney shall maintain records to demonstrate compliance with the provisions of paragraphs (2) and (3) and shall provide proof of compliance at the time the formerly admitted attorney files the verified statement required by subdivision (e)(1) of this Rule.

> Note:  Paragraph (d)(3)(i) does not preclude a respondent-attorney who voluntarily assumes inactive or retired status, **permanently resigns,** is placed on administrative suspension, is temporarily suspended under Enforcement Rule 214, or is suspended for one year or less, from completing existing appointments and accepting new appointments of the nature identified in paragraph (d)(3)(i).  Nonetheless, in order to comply with subdivisions (a), (b) and (c) of this Rule, the formerly admitted attorney who desires to complete existing

appointments or accept future appointments must give written notice of the formerly admitted attorney's registration status or change in that status to appointing and supervising judges and courts, wards, heirs, beneficiaries, interested third parties, and other recipients of the formerly admitted attorney's fiduciary services, as notice of the formerly admitted attorney's other-than-active status gives all interested parties an opportunity to consider replacing the formerly admitted attorney or enlisting a person other than the formerly admitted attorney to serve as the fiduciary in the first instance. Although the formerly admitted attorney would not be precluded by paragraph (d)(3)(ii) from continuing to use a fiduciary account registered with the bank as an IOLTA or Trust Account, paragraph (2) of subdivision (d) and paragraph (4)(iv) of subdivision (j) of this Rule prohibit the formerly admitted attorney from using or continuing to use account checks and deposit slips that contain the word "IOLTA," "attorney," "lawyer," "esquire," or similar appellation that could convey eligibility to practice in the state courts of Pennsylvania. Notwithstanding the specific prohibitions of subdivision (j) of this Rule, the formerly admitted attorney is authorized to perform those services necessary to carry out the appointment with the exception of any service that would constitute the unauthorized practice of law if engaged in by a nonlawyer. In relation to formerly admitted attorneys who are disbarred, suspended for a period exceeding one year, temporarily suspended under Enforcement Rule 208(f) or 213(g), or transferred to disability inactive status, the requirements of paragraph (d)(3) continue throughout the term of the disbarment, suspension, temporary suspension, or disability inactive status, thereby precluding any new appointment or engagement.

\*\*\*

Rule 219.   **Annual registration of attorneys.**

\*\*\*

(b)      The following shall be exempt from paying the annual fee required by subdivision (a):

(1)     Justices or judges serving in the following Pennsylvania courts of record shall be exempt for such time as they serve in office:  Supreme, Superior, Commonwealth, Common Pleas, and  Philadelphia Municipal; and justices or judges serving an appointment for life on any federal court;

(2)     retired attorneys; **[and]**

(3)     **permanently resigned attorneys under Enforcement Rule 404; and**

**(4)**     military attorneys holding a limited certificate of admission issued under Pa.B.A.R. 303 (relating to admission of military attorneys).

> Note:  The exemption created by subdivision (b)(1) does not include Pittsburgh Municipal Court judges,  magisterial district judges, arraignment court magistrates or administrative law judges.